IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PATSY GROGAN AND BILL GROGAN              PLAINTIFFS

v.              NO. 3:11-cv-00043-BSM

NOBEL BIOCARE USA, LLC;
NOBEL BIOCARE USA, INC.; and
JOHN DOES 1-10              DEFENDANTS

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents produced by Nobel Biocare USA, LLC and Nobel Biocare USA, Inc. ("Nobel") in this action, it is ordered that:

1. At such time as Nobel produces in this litigation any documents and/or other tangible items that identify, contain, or reference any of Nobel's design, engineering and/or testing specifications, Nobel may stamp or otherwise mark those documents and/or things "HIGHLY CONFIDENTIAL, Disclosure Prohibited by Order of the Court" reflecting that the distribution is subject to this Protective Order. The term "HIGHLY CONFIDENTIAL" was selected by Nobel.

2. The parties to this action agree that all such designated documents and/or things, and the information contained therein, shall be treated as confidential in accordance with the terms of this Order.

3. Except with the prior written consent of counsel for Nobel, Highly Confidential documents may be shown or disclosed only the following persons (hereinafter referred to as "qualified persons"):

     a. Counsel for the parties in this litigation;

1

b. Actual employees of such counsel assigned to and necessary to assist such counsel in the preparation of this action;

c. Independent experts and consultants retained by a party whose assistance is deemed necessary by such party's counsel for the prosecution or defense of this action, and employees of such experts and consultants necessary to assist such person in performing their duties provided that no such disclosure shall be made to any person employed by any competition of Nobel,

d. Employees of a party who are involved in this action or are necessary to assist such counsel in preparation of this action; and

e. This Court or any Court asked to enforce this Protective Order.

4. Qualified persons may use any designated Highly Confidential information and/or materials only for the purposes of the prosecution or defense of this lawsuit, and only in accordance with the terms of this Stipulated Protective Order. With the exception of the Court, all qualified persons having access to any Highly Confidential material subject to this Protective Order must first be shown a copy of the Protective Order and must agree to be bound by it. With the exception of the Court, no one will be given access to designated Highly Confidential materials without having agreed in writing to be bound by all the terms of this Protective Order, as set forth in Appendix A.

5. Except as otherwise provided by this Protective Order, the parties are prohibited from distributing, showing, disseminating, or providing photocopies, duplicates, reproductions, abstracts, lists, or summaries of any designated Highly Confidential documents and/or things to any person or entity that is not a "qualified person." Moreover, the parties shall not disclosure the contents or any Highly

2

Confidential documents and/or things to any person or entity that is not a "qualified person."

6. This is a non-sharing protective order, which provides that qualified persons, counsel, parties, and any experts are not permitted to share or otherwise divulge any Highly Confidential documents or information to any persons who are not qualified persons, and are not permitted to use the Highly Confidential documents or information for any purpose other than the prosecution or defense of this lawsuit.

7. In the event that prior to trial any Highly Confidential documents or the information contained therein, is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition, or other paper, such papers shall be marked Protected and filed under seal and shall remain under seal except when in actual use by the Court and shall be promptly returned to the Court's file and placed under seal when no longer in use by the Court. (In addition, in motion packages are filed with the Trial Judge, a copy labeled Trial Judge's copy shall be delivered to the Trial Judge and these packages shall include a copy of protected material, if any, marked as Protected and Under Seal, with the indication that this material has been filed under seal and is not to become part of the public record.) Any deposition exhibit that includes Highly Confidential information shall be subject to the terms and provision of this Protective Order.

8. During the trial of this case, if either party seeks to introduce into evidence documents which are subject to this Order, Nobel may make an appropriate request of the Court to protect against the dissemination of such Highly Confidential documents. All parties have the right to contest any such request by Nobel.

9. Counsel for the parties will maintain a list of all persons to whom any Highly Confidential documents or information contained therein is provided along with the signed agreement(s) pursuant to paragraph 4 above, and the list and signed agreement(s) be available for inspection by the Court.

10. All notes, abstracts, lists containing confidential information, or summaries drafted in connection with the review of Nobel's Highly Confidential material, are to be treated as Highly Confidential and subject to all of the terms of this Stipulated Protective Order.

11. Within 30 days of the termination of this litigation, all Highly Confidential documents shall be returned by all parties to counsel for Nobel. No copies, notes, or summaries shall be kept by any parties, their counsel, consultants, experts, or agents. Within 30 days of the termination of the litigation, all parties' counsel shall certify in writing that all Highly Confidential documents have been returned to counsel for Nobel, and that no copies, summaries, or notes of such documents have otherwise been kept by the parties, their counsel, consultants, agents or experts.

12. After the termination of this litigation, the provisions of this Protective Order shall continue to be binding.

13. This Court shall retain jurisdiction over the parties, their attorneys and experts for enforcement of the provisions of this Protective Order following the termination of this litigation.

14. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives and administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED this 20th day of July, 2011.

_____
FEDERAL DISTRICT JUDGE

APPROVED AS TO FORM:

_____
Tony Wilcox     AR Bar Number 93084
Brandon W. Lacy   AR Bar Number 2003098
Wilcox, Parker, Hurst, Lancaster & Lacy, PLC
Attorneys for Plaintiffs
Post Office Box 1733
3000 Browns Lane
Jonesboro, AR 72403

_____
G. Spence Fricke    AR Bar Number 79068
Barber, McCaskill, Jones & Hale, P.A.
Attorneys for Defendants Nobel Biocare USA, LLC
  and Nobel Biocare USA, Inc.
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3414